## In re PERIL.
## No. 9694.

District Court, M. D. Pennsylvania.
June 9, 1939.

Carpenter & Carpenter, of Sunbury, Pa., for respondent.

Smallock & Mink, of Williamsport, Pa., for petitioner.

JOHNSON, District Judge.

This is a citation sur contempt based upon a certificate filed by the referee, recommending that the bankrupt and his wife be fined $500, and stand committed until the fine is paid.

The record shows that Harry S. Peril was adjudged a bankrupt in an involuntary proceeding on January 7, 1939. On April 22, 1938, the trustee filed a petition for an order to require the bankrupt to turn over certain property which was alleged to be in the hands of the bankrupt. Hearings were held before the referee, and a compromise agreement was finally reached whereby the trustee agreed to withdraw his petition, and the bankrupt's wife, Anna R. Peril, promised to pay the trustee $500 within thirty days. The agreement also provided for an assignment to Anna R. Peril of all choses in action, accounts, and notes payable, which belonged to the bankrupt estate. After a hearing held by the referee with due notice to all parties in interest the referee entered an order authorizing the compromise.

Pursuant to this agreement, the accounts receivable were assigned to the bankrupt's wife, but at the expiration of the thirty day period, only $12.85 had been paid to the trustee.

On July, 28, 1938, the trustee filed a petition with the referee for an order for contempt against the bankrupt, and his wife for failure to make the compromise payment. The bankrupt filed an answer in which he substantially admitted all of the above facts, but alleged that he and his wife were unable to pay, and that it was understood that the assigned accounts were to be collected in the name of Anna R. Peril, and that the payment under the compromise agreement was to be made out of the proceeds. The bankrupt further alleged that he and his wife have made every effort to collect the accounts receivable, but that they were able to collect only $12.85, the amount which was turned over to the trustee.

Whether the bankrupt and his wife are guilty of contempt in failing to

carry out the compromise agreement depends upon their ability to do so. To justify a punishment for contempt in this proceeding, the evidence must show that the bankrupt and his wife are able to carry out their promise under the agreement, and this evidence must be clear and convincing. Samel v. Dodd, 5 Cir., 142 F. 68, certiorari denied, 201 U.S. 646, 26 S.Ct. 761, 50 L.Ed. 903.

A careful examination of the record fails to show that the bankrupt and his wife are able to carry out their agreement. Furthermore, no such finding was made by the referee, nor was any evidence to support such a finding presented at the hearing before this court. It is therefore ordered that the citation issued on November 9, 1938, upon the certificate of George R. Deppen, Referee in Bankruptcy, be, and hereby is dismissed, and the rule granted thereon discharged.